87 F.3d 202
 Hugh DOWNS, in his individual capacity and in his capacity
as representative of the estate of Joanne Downs,
and The Estate of Joanne Downs,
Plaintiffs-Appellees,
v.
Ruth WESTPHAL and Michael R. Gulmetti, as trustee of Trust #
45, jointly and individually, Defendants-Appellants.
 Nos. 95-2289, 95-2547.
 United States Court of Appeals,
Seventh Circuit.
 June 20, 1996.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. No. 93 C 594; Robert L. Miller, Jr., Judge.
 Before MANION, ILANA DIAMOND ROVNER and TERENCE T. EVANS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Our opinion in this case noted that "Joanne and Hugh Downs sued Ruth Westphal for defamation ... over ten years ago in Arizona state court." Downs v. Westphal, 78 F.3d 1252, 1254 (7th Cir.1996). We also emphasized several times that the Arizona judgment was entered only against Ms. Westphal. Nevertheless, at one point we said, "Ruth Westphal and Michael Gulmetti claim that the default judgment entered against them by the Arizona court is invalid." (Emphasis added.) Id. at 1256. The "against them" phrase was erroneous, and we strike it from the opinion. We also deny the petition for rehearing which claims that this mistake, as it pertains to the discussion of the Rooker-Feldman doctrine, is the "first and foremost reason" why our opinion is "clearly erroneous." Lastly, no judge in regular service has called for a vote on the suggestion for rehearing en banc, so that request is denied as well.
 
 
 2
 ROVNER, Circuit Judge, concurring.
 
 
 3
 Defendants' petition for rehearing raised one issue that, in my view, should have prompted the panel to further amend its March 25, 1996, opinion. The opinion suggests that the Rooker-Feldman doctrine bars Michael Gulmetti, as well as Ruth Westphal, from claiming that the district court lacked subject matter jurisdiction over the present case because the underlying Arizona judgment against Westphal was invalid. Yet, because he was not a party to the Arizona action, Rooker-Feldman would not preclude Gulmetti from advancing that argument. See, e.g., United States v. Owens, 54 F.3d 271, 274 (6th Cir.1995); Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 598 (7th Cir.1992), cert. denied, 508 U.S. 941, 113 S.Ct. 2417, 124 L.Ed.2d 639 (1993). The argument ultimately must fail, however, because the validity of the Arizona judgment does not affect our subject matter jurisdiction. To the extent Gulmetti may have been able to viably assert the invalidity of the Arizona judgment as a defense on the merits, he forfeited that argument when he abused the discovery process below. For these reasons, I concur in the denial of defendants' petition for rehearing.